MS/RMS
F. #2025R00405

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ATICKUL ISLAM,,
also known as
"James W. Anderson,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & ORDER

Case No. 25-CR-359 (DLI)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Any and all discovery material designated by the government as "Sensitive Discovery Material" and produced to the defendant ATICKUL ISLAM (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendant and defense counsel only for purposes of preparing and defending the case, including but not limited to pretrial motions, trial, sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case.

2. Any documents, material, or information determined to be Sensitive Discovery Material may be so designated by stamping the legend "SDM" on the document or by otherwise indicating to defense counsel the appropriate designation of the material or information. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same

sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated via notice appended to the media on which such files or documents are produced or added to the name of the file or electronic folder in which the file is located.

3. Any and all Sensitive Discovery Material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of and expert witnesses retained by defense counsel, who shall be bound by the entirety of this Protective Order, without further order of the Court;

4. Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of and expert retained by defense counsel, shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material except in conformity with this Protective Order;

5. The defendant may review the Sensitive Discovery Material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody or control of the Sensitive Discovery Material, except to the extent necessary for the defendant to review the Sensitive Discovery Material in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any Sensitive Discovery Material, and may not take Sensitive Discovery Material, or copies thereof,

into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess Sensitive Discovery Material or copies in any such facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from Sensitive Discovery Material to others.

6. Where the defendant and/or defense counsel wishes to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material to any individual to whom disclosure is not authorized by paragraph 2, defense counsel must provide reasonable advance notice to the government and make an application to the Court for authorization to make such disclosure. Reasonable notice is notice given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

7. None of the Sensitive Discovery Materials nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the Sensitive Discovery Material to public filings made with the Court, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

8. Nothing in this Stipulation and Order shall preclude any party from seeking (a) a further protective order pursuant to Rule 16(d) as to particular items of discovery material, or (b) modification of this Protective Order by a judge of competent jurisdiction.

9. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material unless and until substitute counsel enters into this Stipulation and Order.

10. The defendant and defense counsel will destroy or return to the government any Sensitive Discovery Material and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses retained by defense counsel who have signed this Stipulation and Order, at the conclusion of the trial if the defendant is acquitted on the count charged in the indictment or, in the case of a conviction either at trial or by guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction made by the defendant in this matter, with the exception that defense counsel may retain one copy set for its records, provided that the defendant is not given access to that copy set.

//

//

//

//

//

//

//

//

11. Any violation of this Stipulation and Order (a) will require the immediate destruction or return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
December 4, 2025

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: ______________________________
Margaret Schierberl
Rebecca Schuman
Assistant U.S. Attorneys

Agreed to by:

______________________________
John Arlia
Attorney for Atickul Islam

SO ORDERED
this ____ day of December, 2025

______________________________
THE HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK